FILED
United States Court of Appeals
Tenth Circuit

October 28, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

THE NEW SALIDA DITCH
COMPANY, a Colorado corporation,

Plaintiff - Appellant,

v.

UNITED FIRE & CASUALTY
INSURANCE COMPANY, an Iowa
corporation,

Defendant - Appellee.

No. 10-1010
(D. Ct. No. 1:08-CV-00391-JLK-KLM)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **EBEL**, and **HARTZ**, Circuit Judges.

Plaintiff-appellant The New Salida Ditch Company ("New Salida") operates an

irrigation ditch in Salida, Colorado along the Arkansas River. In May 2005, New Salida

initiated maintenance activity adjacent to its ditch, disturbing dirt, rock, soil, and fill

material, and allegedly causing the materials to come into contact with the river and the

river bank. In response to this disturbance, various federal government agencies

including the Army Corps of Engineers, the Bureau of Land Management, and the

---

[*]This order and judgment is not binding precedent except under the doctrines of
law of the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Environmental Protection Agency, as well as the Colorado Department of Public Health and Environment, sent New Salida orders requiring it to engage in corrective action to remediate the alleged damage.

New Salida submitted a claim to United Fire & Casualty Insurance Company ("United Fire") pursuant to a Commercial General Liability insurance policy. New Salida sought indemnification in the underlying enforcement actions by the government agencies and sought to invoke United Fire's duty to defend under the policy. Relying on the policy's Total Pollution Exclusion ("TPE") clause, which excludes coverage for damage caused by "pollutants," United Fire denied indemnification and refused to defend New Salida.

On February 25, 2008, New Salida filed suit in the United States District Court for the District of Colorado, alleging that United Fire wrongfully refused indemnification and breached its duty to defend. United Fire filed a motion for summary judgment, arguing that dirt, rock, soil, and fill material constitute pollutants under the TPE. New Salida filed a cross-motion for summary judgment, alleging that the materials at issue are not pollutants within the meaning of the TPE. On December 18, 2009, the district court granted summary judgment to United Fire, concluding that the definition of "pollutant" unambiguously covered dirt, rock, soil, and fill material. New Salida now appeals, contending that: (1) it was entitled to summary judgment because dirt, rock, soil, and fill material are unambiguously not "pollutants"; and (2) even if coverage is debatable, United Fire breached its duty to defend New Salida.

Based on our careful review of the record, the parties' appellate submissions, and the relevant legal authority, we agree with the thorough and well-reasoned decision of the district court that United Fire appropriately denied coverage to and refused to defend New Salida. The plain language of the TPE excludes coverage in this case. Accordingly, we AFFIRM the entry of summary judgment in favor of United Fire for substantially the same reasons set forth by the district court.[1]

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge

---

[1] Because we hold that the district court properly entered summary judgment in favor of United Fire as to all of New Salida's claims, we need not address whether the district court correctly concluded that New Salida's statutory bad-faith claim was subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6).